IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-484
(3:05-cr-3)

| | |
|---|---|
| TERRY DONNELL JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Doc. No. 1), the Government's Motion For Summary Judgment (Doc. No. 8), Petitioner's Cross Motion for Summary Judgment (Doc. No. 9), and Petitioner's Reply (Doc. No. 10). For the reasons stated below, the Government's Motion for Summary Judgment will be granted; Petitioner's Cross Motion for Summary Judgment will be denied; and Petitioner's Motion to Vacate will be dismissed.

I. BACKGROUND

On January 25, 2005, Petitioner was charged with possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts One and Three); and possession with intent to distribute cocaine, and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two). (Case No. 3:05cr3, Doc. No. 1: Indictment). A Superseding Bill of Indictment added a violation of 18 U.S.C. § 922(g)(1) (Count Four). (Id., Doc. No. 6). On September 9, 2005, Petitioner entered into a Plea Agreement in which he agreed to plead guilty to Counts Three and Four. (Id., Doc. No. 20). Petitioner waived his right to appeal and his right to collateral attack pursuant to 18 U.S.C. § 2255, except on the basis of ineffective assistance of counsel, prosecutorial misconduct, and inconsistencies

between his Plea Agreement and the application of the United States Sentencing Guidelines (USSG). (Id. at ¶ 20).

Petitioner appeared before a magistrate judge with counsel for a Plea and Rule 11 hearing on September 9, 2005. Based on Petitioner's answers to each of the court's questions, the magistrate judge found that Petitioner's guilty plea was knowingly and voluntarily made, with an understanding of the charges, the penalties and the consequences of the plea. Accordingly, the magistrate judge accepted Petitioner's plea. (Case No. 3:05cr3, Doc. No. 21: Acceptance and Entry of Guilty Plea at 5; Doc. No. 45: Plea Hr'g Tr. at 21).

The Presentence Investigation Report (PSR) reflected that Petitioner was a career offender, pursuant to USSG § 4B1.1, based on prior state felony convictions for trafficking in cocaine and possession with intent to sell or deliver cocaine. (Case No. 3:05cr3, Doc. No. 50, ¶¶ 33, 42, 43). This circumstance was contemplated by the Plea Agreement (Id., Doc. No. 20 at ¶ 7(d)); however, Petitioner objected to career offender status as impermissible judicial fact-finding. (Id., Doc. No. 50 at 17, 19-25). At the sentencing hearing on September 21, 2006, this Court rejected Petitioner's objection and requested variance to account for the alleged double enhancements (increasing base offense level and criminal history category) inherent in the career offender guideline. (Id., Doc. No. 46: Sent. Hr'g Tr. at 7-8, 12-13). The Court sentenced Petitioner to the low end of the advisory guideline range, 262 months' imprisonment on Count Three and 120 concurrent months on Count Four. (Id., Doc. No. 35: Judgment).

On appeal, Petitioner's new attorney filed an Anders[1] brief and Petitioner filed his own supplemental brief. (Doc. No. 10: Reply Brief, Exhibit 4). Petitioner argued that his trial

---

[1] Anders v. California, 386 U.S. 738 (1967).

counsel and appellate counsel were ineffective for failing to challenge his career offender status based on Lynn v. West, 134 F.3d 585 (4th Cir. 1998). (Id. at 2). He argued that this Court erred in classifying him as a career offender because his prior North Carolina convictions were obtained in violation of the Double Jeopardy Clause and, therefore, should not have been used for enhancement. (Id. at 3). Petitioner also argued that he is actually innocent of being a career offender because the North Carolina predicate offenses used were obtained in violation of the Double Jeopardy Clause. (Id. at 4).

On September 13, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Johnson, 252 Fed. App'x 535 (4th Cir. 2007). The appellate court found that his guilty plea was knowing an voluntary and rejected his arguments about his prior convictions and career offender status. Id. at 536. Notwithstanding Petitioner's reliance on Lynn, the Fourth Circuit concluded that Petitioner "was properly treated as a career offender" because "he had the requisite two previous felony convictions for drug offenses, neither of which has been overturned by the North Carolina state courts," that his "sentence, imposed within the properly calculated advisory sentence range and applicable statutory limits, is reasonable," and that "his sentence does not violate the Double Jeopardy Clause." Id. at 536-37. Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied on February 19, 2008. (Doc. No. 1: Motion at 2).

On October 23, 2008, Petitioner timely filed the instant Motion to Vacate alleging the same claims raised in his supplemental appellate brief – that his trial and appellate counsel were ineffective with respect to his sentence as a career offender, that he is actually innocent of being sentenced as a career offender, and the district court erroneously enhanced his sentence based on an unconstitutional prior conviction in violation of due process and double jeopardy. (Id. at 4-8).

3

Although he details four grounds for relief, the motion boils down to the claim that Petitioner was erroneously sentenced as a career offender because one of the two predicate offenses is unconstitutional pursuant to Lynn. Thus, Petitioner contends that he is entitled to resentencing not as a career offender. (Id. at 24).

    II.    LEGAL DISCUSSION

        A.    Standard of Review

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer and any materials submitted by the parties to determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Upon review, the Court has concluded that a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B.  Claims Addressed on Direct Appeal

The law is well established that issues previously decided on direct appeal cannot be relitigated as a § 2255 motion, absent a change in the law. United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (§ 2255 petitioner not "allowed to recast, under the guise of collateral attack, questions fully considered by this court")); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court").  As detailed above, each ground detailed in the § 2255 Motion was raised by Petitioner on direct appeal.  The Fourth Circuit squarely rejected those arguments and found that Petitioner was properly treated as a career offender, without any violation of the Double Jeopardy Clause. Johnson, 252 Fed. App'x at 536-37.  Therefore, Petitioner is foreclosed from relitigating these issues that have been expressly or impliedly decided against him in the appellate court.[2]

III.  CONCLUSION

The Court has considered the pleadings and documents submitted by the parties, and the entire record of this matter, and finds that Petitioner is clearly not entitled to relief on any of his claims.

---

[2] Petitioner does not allege any change in the law.  In fact, a recent case appealed from this district resulted in a similar conclusion. In United States v. Darity, 400 Fed. App'x 786 (4th Cir. Nov. 3, 2010), a defendant cited Lynn to challenge his career offender status based on a claim that he had paid drug taxes on the same conduct as predicate North Carolina convictions. The Fourth Circuit held that the defendant was precluded from collaterally attacking his prior convictions to prevent application of the career offender guideline. Id. at 787-88.

**IT IS, THEREFORE ORDERED** that:

1.  the Government's Motion For Summary Judgment (Doc. No. 8) is **GRANTED**;

2.  Petitioner's Cross Motion for Summary Judgment (Doc. No. 9) is **DENIED**;

3.  Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: May 17, 2011

Robert J. Conrad, Jr.
Chief United States District Judge